IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:17-mc-3809-WKW-GMB |
| ) | [WO] |
| NAKEISHA MOORE, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF BIRMINGHAM, ) | |
| ) | |
| Garnishee. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 6.  The Government has filed an Application for Writ of Garnishment and the Writ was issued on January 5, 2018. *See* Docs 1 & 2.  Defendant Nakeisha Moore has since submitted a Claim for Exemption Form (Doc. 5), asserting her right to two statutory exemptions and requesting that this action be transferred to the judicial district in which she resides.  After consideration of the parties' submissions and the relevant law, the undersigned Magistrate Judge recommends that this case be transferred to the United States District Court for the Northern District of Alabama, and that any consideration of Moore's exemption and hearing requests be deferred until after the transfer.

## I.  DISCUSSION

The Federal Debt Collection Procedures Act ("FDCPA"), pursuant to which the Government has moved to garnish Moore's wages, provides that if the debtor requests a transfer "within 20 days after receiving the notice described in section 3101(d) or 3202(b), the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2).  The record reflects that Moore received notice under § 3202(b) on January 25, 2018, *see* Doc. 4, and timely filed her request for exemptions and a transfer on February 5, 2018. *See* Doc. 5.  Thus, pursuant to the statutory language, this case "shall be transferred" to the forum of Moore's residence.

The Government concedes that § 3004(b)(2)'s language "appears to be mandatory," but asserts that other courts have ignored this provision "because it makes sense for the sentencing judge to retain jurisdiction over enforcement of that court's criminal sentence." Doc. 8 at 5.  Notwithstanding the Government's pragmatism, "the verb 'shall' in a statute is a command . . . [that] creates an obligation not subject to judicial discretion." *United States v. Peters*, 783 F.3d 1361, 1364 (11th Cir. 2015) (citations omitted).  Under the plain language of the FDCPA, Moore's request requires the court to transfer this case to the district of her residence.  Moore resides in Center Point, Alabama, which is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Accordingly, the undersigned recommends that this case be transferred to the Northern District of Alabama.  That court is the more appropriate forum to take up Moore's claim of exemption or any other substantive issues relating to this matter.

## II.  CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 3004(b)(2).

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation not later than **March 15, 2018**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. See *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on this 1st day of March, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE